DECISION AND JUDGMENT ENTRY
{¶ 1} Steven Carl White appeals the Pickaway County Common Pleas Court's judgment in favor of Naomi Ann Newell that overruled White's Civ.R. 60(B) motion to vacate a court order and reallocate his Ohio Public Employees Retirement System ("OPERS") pension. Specifically, White moved the court to vacate the Division of Property Order ("DPO") because it did not comport with ¶ 10 of the parties' Judgment Decree of Divorce. On appeal, White contends that his trial attorney: (1) did not tell him about "other methods" to compute his spouse's share of his OPERS pension and (2) approved court documents without his authority. We hold that White cannot use a Civ.R. 60(B) motion to resolve this alleged negligence because any alleged negligence of White's trial counsel is imputed to him. White also asserts that: (1) the trial court should have used the "present value method" instead of the "deferred distribution method" to divide his OPERS pension with his spouse and (2) the current DPO, which divides his OPERS pension with his spouse, does not comport with ¶ 10 of the Judgment Decree of Divorce. We hold that White cannot use a Civ.R. 60(B) motion to resolve these issues because White could have raised these same issues on direct appeal, and a Civ.R. 60(B) motion is not a substitute for a direct appeal. Accordingly, we affirm the judgment of the trial court.
 I. {¶ 2} Newell and White married in 1983. White earned about $80,000 in 2004 as a Systems Analyst for the Ohio Department of Job and Family Services. As a state worker, he paid into OPERS.
 {¶ 3} After a complaint for divorce, answer, and counter-claim were filed in 2003, the parties settled their case in 2004. The Magistrate's Decision was filed on September 24, 2004, and the parties waived their objection time pursuant to Civ.R. 53. The trial court adopted the Magistrate's Decision and filed the Judgment Decree of Divorce on September 27, 2004. The Magistrate's Decision and the trial court's Judgment Decree of Divorce used the words "as agreed upon between the parties" and the parties' counsel approved these two entries, which used the "deferred distribution method" in ¶ 10 to divide White's OPERS pension. A DPO was filed on September 30, 2004 to effectuate ¶ 10 of the Judgment Decree of Divorce. An Amended DPO was filed on December 21, 2004 to correct an error. See Civ.R. 60(A). White never appealed the final judgment entry.
 {¶ 4} White filed his motion to vacate the DPO and reallocate his OPERS on February 3, 2005. After a hearing, the magistrate filed her decision denying the motion on April 25, 2005. On May 6, 2005, White filed an objection to the magistrate's report. White objected to just one magistrate finding, i.e. "[T]he DPO as currently submitted agrees with the language in the Decree and that the use of a coverture fraction is a proper and accepted method of computing and dividing the pension benefits." On May 18, 2005, the trial court adopted the magistrate's decision over White's objection.
 {¶ 5} White appeals the May 18, 2005 judgment but fails to assign any errors. Thus, White has failed to comply with App.R. 16. However, he has designated a "STATEMENT OF ISSUES." App.R. 12(A) provides that a reviewing court may disregard any errors not specifically presented and argued. Therefore, this court could summarily affirm the trial court's judgment. However, in the interests of fairness and after reviewing White's issues, it appears that the crux of his appeal is that: (1) the trial court erred when it used the "deferred distribution method," instead of the "present value method," in the DPO to divide his OPERS pension and (2) his trial counsel erred by failing to inform him of the "present value method."
 II. {¶ 6} White argues that the "deferred distribution method" used to divide his OPERS pension is "faulty and inaccurate[.]" He also contends that the "deferred distribution method" used in the DPO is "contrary to clearly specified final decree language" in ¶ 10 of the Judgment Decree of Divorce. He further asserts that his counsel did not tell him about the "present value method."
 {¶ 7} A trial court may divide a pension fund using the "present value method" or the "deferred distribution method."Hoyt v. Hoyt (1990), 53 Ohio St.3d 177, 181. Under the "present value method," the court first determines the amount the non-employee spouse is to receive. Secondly, the court: (1) orders that amount withdrawn from the pension fund; or (2) offsets that amount with installment payments or other marital property. Baldwin's Ohio Domestic Relations Law (1990), 274, Section 25.05(E)(3). Under the "deferred distribution method," the trial court orders that a percentage of the future benefits be paid from the pension fund to the non-employee spouse if and when the pension matures. Id.
 {¶ 8} Here, White filed his motion to vacate DPO and sought to reallocate his OPERS pension using the "present value method" instead of the "deferred distribution method." However, White did not designate the type of motion he filed. If it is a motion for reconsideration, then it is a nullity because the Ohio Rules of Civil Procedure do not provide a procedure for reconsideration of a trial court's final judgment. Pitts v. Ohio Dept. ofTransportation (1981), 67 Ohio St.2d 378, paragraph one of the syllabus. The only other motion that can provide for relief from a final judgment is a Civ.R. 60(B) motion. Thus, we designate White's motion as a Civ.R. 60(B) motion, filed after the time for White's direct appeal expired.
 {¶ 9} In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion. State ex rel. Richard v. Seidner (1996),76 Ohio St.3d 149, 151, citing Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. An abuse of discretion connotes conduct that is unreasonable, arbitrary, or unconscionable. State ex rel.Richard at 151, citing State ex rel. Edwards v. Toledo CitySchool Dist. Bd. Of Edn. (1995), 72 Ohio St.3d 106, 107.
 {¶ 10} Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."
 {¶ 11} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion. Rose Chevrolet at 20, citingGTE Automatic Elec. v. ARC Industries (1976),57 Ohio St.3d 146, paragraph two of the syllabus; see, also, Buckeye Fed. S. L. Assn. v. Guirlinger (1991), 62 Ohio St.3d 312, 314. If any one of these three requirements is not met, then the motion should be overruled. Rose Chevrolet at 20, citing Svoboda v.Brunswick (1983), 6 Ohio St.3d 348, 351; Hopkins v. QualityChevrolet, Inc. (1992), 79 Ohio App.3d 578.
 {¶ 12} Ordinarily, the neglect of a party's attorney is imputed to that party for purposes of Civ.R. 60(B). GTE, supra, at paragraph four of the syllabus. Even when an attorney settles a case contrary to the express authority of his client, Civ.R. 60(B) relief is not available.
 {¶ 13} Here, one of White's arguments is that his trial attorney did not tell him about "other methods" available to compute his spouse's share of his OPERS pension. White also contends that his trial counsel approved court documents without his authority. Pursuant to GTE, supra, these allegations of his attorney's neglect are imputed to White. Consequently, White cannot use Civ.R. 60(B) to remedy this alleged negligence.
 {¶ 14} "[W]here the remedy of appeal is available to a party, and where the issues raised in a motion for relief from judgment are those which could properly have been raised on appeal, a motion for relief from judgment will be denied.". Burroughs RealEstate Co. v. Zennie R. Heath (Mar. 20, 1980), Cuyahoga App. No. 40476. In Taylor v. Taylor (Mar. 27, 1987), Lawrence App. No 1801, Judge Stephenson wrote, "In order to bring himself within the limited area of Civ.R. 60(B), appellant must establish the existence of extraordinary circumstances which rendered him unable to appeal and a party should not be permitted to circumvent the appeals process through application of Civ.R. 60(B), since it is the function of the appellate court tocorrect legal errors committed by the trial court. See, e.g.,Plotkin v. Pacific Tel. Tel. Co. (C.A.9, 1982),688 F.2d 1291; 7 Moore's Federal Practice (1985), Par. 60.18(8)." (Emphasis added.)
 {¶ 15} In short, Civ.R. 60(B) was intended to provide relief from a final judgment in specific, enumerated situations and cannot be used as a substitute for a direct, timely appeal. SeeDoe v. Trumbull County Children Services Board (1986),28 Ohio St.3d 128, paragraph two of the syllabus. If a party raises the same question in a Civ.R. 60(B) motion as that he could have raised on a direct appeal, he could get an indirect extension of time for appeal by appealing the denial of the Civ.R. 60(B) motion. Parke-Chapley Construction Company v. Cherrington
(C.A.7, 1989), 865 F.2d 907, 915, citing 7 Moore, FederalPractice, 60.22[3].
 {¶ 16} Here, White did not directly appeal the trial court's final judgment. On a direct appeal, White could have raised the same issues that he raised in his Civ.R. 60(B) motion, i.e. (1) the trial court should have used the present value method instead of the deferred distribution method and (2) the current DPO does not comport with ¶ 10 of the Judgment Decree of Divorce. Therefore, pursuant to Doe, supra, White cannot use a Civ.R. 60(B) motion as a substitute for a direct appeal. Consequently, we reject all of White's arguments.
 {¶ 17} Accordingly, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Pickaway County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, J. and McFarland, J.: Concur in Judgment and Opinion.