[Cite as *Ohio Neighborhood Fin. v. Meadows*, 2011-Ohio-2759.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| Ohio Neighborhood Finance, Inc., | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | Case No. 10CA42 |
| v. | : | |
| | : | <u>DECISION AND</u> |
| Linda Meadows, | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellee. | : | File-stamped date:  6-02-11 |

_____

<u>APPEARANCES:</u>

Anthony M. Sharett and Samir B. Dahman, Bricker & Eckler, L.L.P., Columbus, OH, for Appellant.[1]

_____

Kline, J.:

**{¶1}** Ohio Neighborhood Finance, Inc. (hereinafter "Ohio Neighborhood") appeals the judgment of the Ironton Municipal Court, which denied its motion for relief from judgment.  Ohio Neighborhood contends that the trial court abused its discretion when it entered a default judgment against Linda Meadows (hereinafter "Meadows") with an interest rate of four percent per annum rather than twenty-five percent.  However, because we find that Ohio Neighborhood used a Civ.R. 60(B) motion as a substitute for

---

[1] Defendant-Appellee, Linda Meadows, did not file a brief or otherwise enter an appearance in this appeal.  Under App. R. 18(C), we may accept Ohio Neighborhood Finance Inc.'s statement of the facts and issues as correct and reverse the trial court's judgment as long as its brief reasonably appears to sustain reversal.  See *Sprouse v. Miller*, Lawrence App. No. 06CA37, 2007-Ohio-4397, at fn.1; *State v. Miller* (1996), 110 Ohio App.3d 159, 161-62.  "An appellate court may reverse a judgment based solely on a consideration of an appellant's brief."  *Sprouse* at fn.1; see, also, *Ford Motor Credit Co. v. Potts* (1986), 28 Ohio App.3d 93, 96; *State v. Grimes* (1984), 17 Ohio App.3d 71, 71-72.  However, because we find that Ohio Neighborhood Finance Inc. improperly used a Civ.R. 60(B) motion as a substitute for a direct appeal, we dismiss the appeal.

a direct appeal, we do not reach the merits of Ohio Neighborhood's argument. Accordingly, we dismiss Ohio Neighborhood's appeal.

I.

{¶2}     Ohio Neighborhood entered into a loan agreement with Meadows on October 14, 2009, whereby Ohio Neighborhood loaned Meadows $890.  Under the loan agreement, Meadows agreed to pay a loan origination charge of $100 and a credit investigation fee of $10.  Coupled with interest, Meadows was obligated to pay Ohio Neighborhood $1,009.56 on October 28, 2009.  The "PROMISE TO PAY" section of the loan agreement provides "You [i.e., Meadows] promise to pay us [i.e., Ohio Neighborhood] $1,000.00 (the Principal Amount of this loan) plus interest at a rate of 25% per annum on the principal outstanding for the time outstanding from the date of this Customer Agreement until paid in full.  Interest shall be computed daily upon the principal balance outstanding by using the simple interest method, assuming a 365-day year."

{¶3}     Meadows did not repay the loan on October 28, 2009.  Ohio Neighborhood demanded payment, but Meadows failed to make the payments due and owing on the loan.  On December 30, 2009, Ohio Neighborhood filed its complaint against Meadows in Ironton Municipal Court.  Ohio Neighborhood sought judgment against Meadows in the sum of $1,079.56 with interest at the agreed upon rate of twenty-five percent per annum from the date of default.

{¶4}     Meadows failed to respond or otherwise plead to Ohio Neighborhood's complaint.  Consequently, on April 9, 2010, Ohio Neighborhood moved for default judgment against Meadows.  The magistrate issued its decision on May 11, 2010, which

provided for judgment in the amount of $1,079.56 and an interest rate of four percent rather than twenty-five percent. The trial court's May 24, 2010 Judgment Entry approved and adopted the magistrate's decision. The Judgment Entry provides for judgment in favor of Ohio Neighborhood against Meadows in the amount of $1,079.56 plus post-judgment interest at the "statutory rate from date of Judgment." At the time of judgment, the statutory rate of interest was four percent.

{¶5}     On August 2, 2010, Ohio Neighborhood moved for relief from judgment under Civ.R. 60(B). In its motion, Ohio Neighborhood argued that the magistrate improperly reduced the interest rate on Meadows' loan from twenty-five percent to four percent. Ohio Neighborhood attached a copy of *Ohio Neighborhood Fin., Inc. v. Dotson*, Lawrence App. No. 09CA27, 2010-Ohio-3366. In *Dotson*, we addressed a substantially similar issue, though not in the Civ.R. 60(B) context. We held that where a loan agreement provides for a specific interest rate, and such a rate is authorized by statute, the trial court errs when it reduces the interest rate below the rate specified in the loan agreement.

{¶6}     The magistrate held a motion hearing on September 27, 2010, and, on September 28, 2010, the magistrate recommended denial of Ohio Neighborhood's motion without explanation. On October 18, 2010, the trial court denied Ohio Neighborhood's motion for relief without explanation.

{¶7}     Ohio Neighborhood appeals and asserts the following assignment of error: "THE TRIAL COURT ABUSED ITS DISCRETION AFFIRMING THE MAGISTRATE'S DECISION TO REDUCE TO 4% PER ANNUM, THE INTEREST RATE ON THE DEBT

IN THE DEFAULT JUDGMENT GRANTED IN FAVOR OF APPELLANT OHIO

NEIGHBORHOOD FINANCE, INC."

II.

**{¶8}** Ohio Neighborhood argues that the trial court abused its discretion when it

adopted the magistrate's decision. Specifically, Ohio Neighborhood objects to the trial

court's decision to reduce the interest rate on Meadows' debt from twenty-five percent

per annum, as provided in the loan agreement, to four percent. Despite framing its

argument in this fashion, Ohio Neighborhood actually appeals the denial of its motion

for relief from judgment under Civ.R. 60(B).

**{¶9}** We review a trial court's decision regarding a motion for relief from judgment

under an abuse of discretion standard. *Dayton Power and Light v. Holdren*, Highland

App. No. 07CA21, 2008-Ohio-5121, at ¶10; *Harris v. Anderson*, 109 Ohio St.3d 101,

2006-Ohio-1934, at ¶7. An abuse of discretion connotes more than a mere error of

judgment; it implies that the court's attitude is arbitrary, unreasonable, or

unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶10}** Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court

may relieve a party or his legal representative from a final judgment, order or

proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable

neglect; (2) newly discovered evidence which by due diligence could not have been

discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether

heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of

an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior

judgment upon which it is based has been reversed or otherwise vacated, or it is no

longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

**{¶11}** "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus.

**{¶12}** Initially, we note that in its sole assignment of error, Ohio Neighborhood focuses its challenge on the merits of the trial court's decision. That is, Ohio Neighborhood argues that the trial court abused its discretion by reducing the interest rate on Meadows' debt in its judgment. The trial court entered judgment against Meadows on May 24, 2010, which provided for a four percent per annum interest rate as opposed to the twenty-five percent rate from the loan agreement. Ohio Neighborhood filed its motion for relief from judgment on August 2, 2010.

**{¶13}** Ohio Neighborhood asserts that it "chose to file its Civ.R. 60(B) motion in lieu of directly appealing the court's decision because [Ohio Neighborhood] contemplated that once it brought the [holding of *Dotson*] to the trial court's attention, the court would

promptly modify the judgment accordingly and alleviate the need to burden the docket with an appeal."  Appellant's Brief at 4.

{¶14}    We find, however, that Ohio Neighborhood used a Civ.R. 60(B) motion as a substitute for a direct appeal.  "'[W]here the remedy of appeal is available to a party, and where the issues raised in a motion for relief from judgment are those which could properly have been raised on appeal, a motion for relief from judgment will be denied.'" *Newell v. White*, Pickaway App. No. 05CA27, 2006-Ohio-637, at ¶14, quoting *Burroughs Real Estate Co. v. Zennie R. Heath* (Mar. 20, 1980), Cuyahoga App. No. 40476.  "In order to bring [itself] within the limited area of Civ.R. 60(B), [Ohio Neighborhood] must establish the existence of extraordinary circumstances which rendered [it] unable to appeal[.] * * * [A] party should not be permitted to circumvent the appeals process through application of Civ.R. 60(B), *since it is the function of the appellate court to correct legal errors committed by the trial court*."  *Newell* at ¶14, quoting *Taylor v. Taylor* (Mar. 27, 1987), Lawrence App. No. 1801 (emphasis sic).  See, also, *Plotkin v. Pacific Tel. & Tel. Co.* (C.A.9, 1982), 688 F.2d 1291; 7 Moore Federal Practice (1985), Paragraph 60.18(8).

{¶15}    In short, Civ.R. 60(B) was intended to provide relief from a final judgment in specific, enumerated situations and cannot be used as a substitute for a direct, timely appeal.  See *Doe v. Trumbull County Children Services Board* (1986), 28 Ohio St.3d 128, at paragraph two of the syllabus; *Newell* at ¶15.  "If a party raises the same question in a Civ.R. 60(B) motion as [it] could have raised on a direct appeal, [that party] could get an indirect extension of time for appeal by appealing the denial of the Civ.R. 60(B) motion."  *Newell* at ¶ 15, citing *Parke-Chapley Construction Co. v. Cherrington*

(C.A.7, 1989), 865 F.2d 907, 915. Thus, "[w]hen a Civ.R. 60(B) motion is used as a substitute for a timely appeal, and when the denial of that motion is subsequently appealed, the proper response is the dismissal of the appeal." *Garrett v. Gortz*, Cuyahoga App. No. 90625, 2008-Ohio-4369, at ¶14, citing *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 2000-Ohio-135. See, also, *Elliott v. Smead Mfg. Co.*, Hocking App. Nos. 08CA13 & 08AP13, 2009-Ohio-3754, at ¶12-13.

**{¶16}** Here, Ohio Neighborhood did not directly appeal the trial court's judgment. On a direct appeal, Ohio Neighborhood could have raised the same issue that it raised in its Civ.R. 60(B) motion. That is, Ohio Neighborhood could have argued that the interest rate on the judgment against Meadows should have been twenty-five percent per annum, as provided in the loan agreement, rather than the four percent awarded by the trial court. Therefore, Ohio Neighborhood improperly used a Civ.R. 60(B) motion as a substitute for a direct appeal.

**{¶17}** Accordingly, we reject Ohio Neighborhood's assignment of error and dismiss its appeal.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ironton Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J.:  Concurs in Judgment and Opinion.
McFarland, J.:  Concurs in Judgment Only.

For the Court

BY:_____
         Roger L. Kline, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**