[Cite as *Ohio Neighborhood Fin. v. Brown*, 2011-Ohio-2758.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| Ohio Neighborhood Finance, Inc., | : | |
| | : | |
| Plaintiff-Appellant, | : | |
| | : | Case No. 10CA41 |
| v. | : | |
| | : | <u>DECISION AND</u> |
| Randy Brown, | : | <u>JUDGMENT ENTRY</u> |
| | : | |
| Defendant-Appellee. | : | File-stamped date:  6-02-11 |

_____

<u>APPEARANCES:</u>

Anthony M. Sharett and Samir B. Dahman, Bricker & Eckler, L.L.P., Columbus, OH, for Appellant.[1]
_____

Kline, J.:

**{¶1}** Ohio Neighborhood Finance, Inc. (hereinafter "Ohio Neighborhood") appeals the judgment of the Ironton Municipal Court, which denied its motion for relief from judgment.  Ohio Neighborhood contends that the trial court abused its discretion when it entered a default judgment against Randy Brown (hereinafter "Brown") with an interest of five percent per annum rather than twenty-five percent.  However, because we find that Ohio Neighborhood used a Civ.R. 60(B) motion as a substitute for a direct appeal,

---

[1] Defendant-Appellee, Randy Brown, did not file a brief or otherwise enter an appearance in this appeal.  Under App. R. 18(C), we may accept Ohio Neighborhood Finance Inc.'s statement of the facts and issues as correct and reverse the trial court's judgment as long as its brief reasonably appears to sustain reversal.  See *Sprouse v. Miller*, Lawrence App. No. 06CA37, 2007-Ohio-4397, at fn.1; *State v. Miller* (1996), 110 Ohio App.3d 159, 161-62.  "An appellate court may reverse a judgment based solely on a consideration of an appellant's brief."  *Sprouse* at fn.1; see, also, *Ford Motor Credit Co. v. Potts* (1986), 28 Ohio App.3d 93, 96; *State v. Grimes* (1984), 17 Ohio App.3d 71, 71-72.  However, because we find that Ohio Neighborhood Finance Inc. improperly used a Civ.R. 60(B) motion as a substitute for a direct appeal, we dismiss the appeal.

we do not reach the merits of Ohio Neighborhood's argument. Accordingly, we dismiss Ohio Neighborhood's appeal.

I.

{¶2}     Ohio Neighborhood entered into a loan agreement with Brown on February 6, 2009, whereby Ohio Neighborhood loaned Brown $500. Under the loan agreement, Brown agreed to pay a loan origination charge of $30.00 and a credit investigation fee of $10.00. Coupled with interest, Brown was obligated to pay Ohio Neighborhood $545.16 on February 20, 2009. The "PROMISE TO PAY" section of the loan agreement provides "You [i.e., Brown] promise to pay us [i.e., Ohio Neighborhood] $500.00 (the Principal Amount of this loan) plus interest at a rate of 25% per annum on the principal outstanding for the time outstanding from the date of this Customer Agreement until paid in full. Interest shall be computed daily upon the principal balance outstanding by using the simple interest method, assuming a 365-day year."[2]

{¶3}     Brown did not repay the loan on February 20, 2009. Ohio Neighborhood demanded payment, but Brown failed to make the payments due and owing on the loan. On June 24, 2009, Ohio Neighborhood filed its complaint against Brown in Ironton Municipal Court. Ohio Neighborhood sought judgment against Brown in the sum of $580.16 with interest at the agreed upon rate of twenty-five percent per annum from the date of default.

---

[2] We note that there is an apparent discrepancy in the loan agreement between Ohio Neighborhood and Brown. The "PROMISE TO PAY" section of the agreement indicates that the principal amount of the loan is $500, but the itemization portion of the loan indicates that the principal amount of the loan is $540 (i.e., $500 amount financed; plus $30 loan origination fee; plus $10 credit investigation fee). Given our disposition of this appeal, however, any issue caused by this discrepancy is moot.

**{¶4}** Brown failed to respond or otherwise plead to Ohio Neighborhood's complaint. Consequently, on October 9, 2009, Ohio Neighborhood moved for default judgment against Brown. The magistrate issued a decision on November 17, 2009. The magistrate's decision provided for judgment in the amount of $580.16 and interest at the "statutory rate" of interest, which was five percent per annum.

**{¶5}** Ohio Neighborhood filed an objection to the magistrate's decision on November 30, 2009. Ohio Neighborhood argued that the interest rate on the judgment should be twenty-five percent as provided in the loan agreement between Ohio Neighborhood and Brown.

**{¶6}** The trial court's June 7, 2010 Judgment Entry affirmed the magistrate's decision. The Judgment Entry provides for judgment in favor of Ohio Neighborhood against Brown in the amount of $580.16, with interest at the rate of five percent.

**{¶7}** On August 2, 2010, Ohio Neighborhood moved for relief from judgment under Civ.R. 60(B). In its motion, Ohio Neighborhood argued that the magistrate improperly reduced the interest rate on Brown's loan from twenty-five percent to five percent. Ohio Neighborhood attached a copy of *Ohio Neighborhood Fin., Inc. v. Dotson*, Lawrence App. No. 09CA27, 2010-Ohio-3366. In *Dotson*, we addressed a substantially similar issue, though not in the Civ.R. 60(B) context. We held that where a loan agreement provides for a specific interest rate, and such a rate is authorized by statute, the trial court errs when it reduces the interest rate below the rate specified in the loan agreement.

**{¶8}** The magistrate held a motion hearing on September 27, 2010, and, on September 28, 2010, the magistrate recommended denial of Ohio Neighborhood's

motion without explanation.  On October 18, 2010, the trial court denied Ohio

Neighborhood's motion for relief without explanation.

**{¶9}**      Ohio Neighborhood appeals and asserts the following assignment of error:

"THE TRIAL COURT ABUSED ITS DISCRETION AFFIRMING THE MAGISTRATE'S

DECISION TO REDUCE TO 5% PER ANNUM, THE INTEREST RATE ON THE DEBT

IN THE DEFAULT JUDGMENT GRANTED IN FAVOR OF APPELLANT OHIO

NEIGHBORHOOD FINANCE, INC."

II.

**{¶10}**      Ohio Neighborhood argues that the trial court abused its discretion when it

affirmed the magistrate's decision.  Specifically, Ohio Neighborhood objects to the trial

court's decision to reduce the interest rate on Brown's debt from twenty-five percent per

annum, as provided in the loan agreement, to five percent.  Despite framing its

argument in this fashion, Ohio Neighborhood actually appeals the denial of its motion

for relief from judgment under Civ.R. 60(B).

**{¶11}**      We review a trial court's decision regarding a motion for relief from judgment

under an abuse of discretion standard.  *Dayton Power and Light v. Holdren*, Highland

App. No. 07CA21, 2008-Ohio-5121, at ¶10; *Harris v. Anderson*, 109 Ohio St.3d 101,

2006-Ohio-1934, at ¶7.  An abuse of discretion connotes more than a mere error of

judgment; it implies that the court's attitude is arbitrary, unreasonable, or

unconscionable.  *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219.

**{¶12}**      Civ.R. 60(B) provides: "On motion and upon such terms as are just, the court

may relieve a party or his legal representative from a final judgment, order or

proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable

neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."

**{¶13}** "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, at paragraph two of the syllabus.

**{¶14}** Initially, we note that in its sole assignment of error, Ohio Neighborhood focuses its challenge on the merits of the trial court's decision. That is, Ohio Neighborhood argues that the trial court abused its discretion by reducing the interest rate on Brown's debt in its judgment. The trial court entered judgment against Brown on June 7, 2010, which provided for a five percent per annum interest rate as opposed to

the twenty-five percent rate from the loan agreement.  Ohio Neighborhood filed its motion for relief from judgment on August 2, 2010.

**{¶15}**     Ohio Neighborhood asserts that it "chose to file its Civ.R. 60(B) motion in lieu of directly appealing the court's decision because [Ohio Neighborhood] contemplated that once it brought the [holding of *Dotson*] to the trial court's attention, the court would promptly modify the judgment accordingly and alleviate the need to burden the docket with an appeal."  Appellant's Brief at 4.

**{¶16}**     We find, however, that Ohio Neighborhood used a Civ.R. 60(B) motion as a substitute for a direct appeal.  "'[W]here the remedy of appeal is available to a party, and where the issues raised in a motion for relief from judgment are those which could properly have been raised on appeal, a motion for relief from judgment will be denied.'" *Newell v. White*, Pickaway App. No. 05CA27, 2006-Ohio-637, at ¶14, quoting *Burroughs Real Estate Co. v. Zennie R. Heath* (Mar. 20, 1980), Cuyahoga App. No. 40476.  "In order to bring [itself] within the limited area of Civ.R. 60(B), [Ohio Neighborhood] must establish the existence of extraordinary circumstances which rendered [it] unable to appeal[.] * * * [A] party should not be permitted to circumvent the appeals process through application of Civ.R. 60(B), *since it is the function of the appellate court to correct legal errors committed by the trial court*."  *Newell* at ¶14, quoting *Taylor v. Taylor* (Mar. 27, 1987), Lawrence App. No. 1801 (emphasis sic).  See, also, *Plotkin v. Pacific Tel. & Tel. Co.* (C.A.9, 1982), 688 F.2d 1291; 7 Moore Federal Practice (1985), Paragraph 60.18(8).

**{¶17}**     In short, Civ.R. 60(B) was intended to provide relief from a final judgment in specific, enumerated situations and cannot be used as a substitute for a direct, timely

appeal. See *Doe v. Trumbull County Children Services Board* (1986), 28 Ohio St.3d 128, at paragraph two of the syllabus; *Newell* at ¶15. "If a party raises the same question in a Civ.R. 60(B) motion as [it] could have raised on a direct appeal, [that party] could get an indirect extension of time for appeal by appealing the denial of the Civ.R. 60(B) motion." *Newell* at ¶ 15, citing *Parke-Chapley Construction Co. v. Cherrington* (C.A.7, 1989), 865 F.2d 907, 915. Thus, "[w]hen a Civ.R. 60(B) motion is used as a substitute for a timely appeal, and when the denial of that motion is subsequently appealed, the proper response is the dismissal of the appeal." *Garrett v. Gortz*, Cuyahoga App. No. 90625, 2008-Ohio-4369, at ¶14, citing *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 2000-Ohio-135. See, also, *Elliott v. Smead Mfg. Co.*, Hocking App. Nos. 08CA13 & 08AP13, 2009-Ohio-3754, at ¶12-13.

**{¶18}** Here, Ohio Neighborhood did not directly appeal the trial court's judgment. On a direct appeal, Ohio Neighborhood could have raised the same issue that it raised in its Civ.R. 60(B) motion. That is, Ohio Neighborhood could have argued that the interest rate on the judgment against Brown should have been twenty-five percent per annum as provided in the loan agreement rather than the five percent rate awarded by the trial court. Therefore, Ohio Neighborhood improperly used a Civ.R. 60(B) motion as a substitute for a direct appeal.

**{¶19}** Accordingly, we reject Ohio Neighborhood's assignment of error and dismiss its appeal.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ironton Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J.:  Concurs in Judgment and Opinion.
McFarland, J.:  Concurs in Judgment Only.

For the Court

BY:_____
      Roger L. Kline, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**