[Cite as *Hamlin v. Kirby*, 2015-Ohio-4994.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| Robert Hamlin, Jr., | : | Case No. 15CA7 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| David Kirby, | : | |
| | : | **RELEASED: 11/30/2015** |
| Defendant-Appellant. | : | |
| | : | |

APPEARANCES:

Warren N. Morford, Jr., Ironton, Ohio, for Appellant.

Donald R. Capper, Proctorville, Ohio, for Appellee.

Harsha, J.

{¶1}   David Kirby appeals from the denial of his motion for relief from judgment under Civ.R. 60(B). Kirby claims that the trial court erred because the record shows that Robert Hamlin, Jr. made several misrepresentations of fact at the damages hearing and obtained a judgment by fraud or misrepresentation. Kirby argues that there were a number of factual discrepancies between Hamlin's testimony and his medical records and that it was actually Hamlin's father who suffered the injuries, not Hamlin. Kirby also argues that Hamlin lied about whether he was employed at the time of the injury and whether he had a prior back injury.  As a result Kirby claims that he should have been granted relief from judgment.

{¶2}   However, the trial court did not abuse its discretion in denying Kirby's motion. Kirby did not provide sufficient evidence to establish the operative facts of fraud,

which must be shown by clear and convincing evidence. The only evidence he presented to support his fraud allegations were Hamlin's own Emergency Medical Service (EMS) report, which substantiated Hamlin's damages claims, and an unsworn investigative report that contained two levels of hearsay.  Because Kirby failed to show that he was entitled to relief from judgment under Civ. R. 60(B), we affirm the trial court's decision denying his motion.

## I. FACTS

{¶3}    Hamlin filed an action against Kirby for damages from injuries Hamlin sustained when the porch of an apartment building Kirby owned collapsed. Kirby was the owner-landlord and Hamlin was a guest of several of the tenants. Kirby failed to answer the complaint and, approximately one year later, the trial court granted a default judgment on liability against him. In June 2014 the trial court held the damages hearing, which Kirby attended and admitted that he had received the complaint and had contacted an attorney. Kirby claimed to have heard nothing more about the matter until he received a notice on the damages hearing. He acknowledged that he received three different notices concerning the damages hearing, but that he did not attempt to contact an attorney until about three days before the hearing. Kirby asked for, but did not receive, a continuance of the damages hearing.

{¶4}    Hamlin testified that he was visiting his mother at the apartment building Kirby owned and was sitting on a chair on the back porch when the porch floor collapsed and he fell approximately six feet into the porch. Hamlin submitted photographs of the collapsed floor and testified that he suffered back injuries as a result of the fall. Hamlin testified that he incurred medical bills totaling $20,109.85, suffered

lost wages of $30,000, and requested $50,000 for pain and suffering. Kirby cross-examined Hamlin, arguing that it was Hamlin's father, not Hamlin who suffered the fall and injuries. The trial court awarded Hamlin $20,109.85 in medical expenses, $25,000 in lost wages, and $45,000 for pain and suffering, for a total damage award of $90,109.85.

{¶5}    Seven months after the damage award, Kirby filed a motion for relief from judgment under Civ.R. 60(B) on the ground that Hamlin made several misrepresentations of fact at the damages hearing.  Kirby argued that Hamlin obtained a judgment based upon misrepresentation and fraud through false testimony. One of the alleged misrepresentations concerned whether Hamlin was helped up out of the porch hole by the EMS personnel or whether Hamlin's family members helped him up. Hamlin testified that he was helped out of the porch hole by the EMS, but Kirby argued that an EMS report states that Hamlin was lying flat on the kitchen floor when the EMS arrived. Therefore, Kirby argued that there was a discrepancy about how Hamlin got out of the hole and the only logical conclusion was that Hamlin was not badly injured because he was able to climb out of the hole and move to the kitchen floor without any assistance.

{¶6}    A second alleged misrepresentation concerned Hamlin's employment status at the time of the fall. Hamlin testified that when he fell on June 5, 2012, he was employed by Thompson Towing, but was unable to return to work due to injuries from the fall.  Kirby claimed that he had hired a private investigator to contact Thompson Towing three years later in January 2015. According to the investigative report the owner confirmed that Hamlin had worked for Thompson Towing as a tow truck driver.

Hamlin's personnel file indicated he started work on May 4, 2012, approximately four weeks before the accident. No termination date was given in the file, however the employer stated that Hamlin was not terminated and had not officially resigned, but had "just stopped coming to work." The owner said Hamlin worked "for a couple of weeks." Kirby argued a discrepancy existed about Hamlin's employment status at the time of the fall.  Hamlin's testimony was that he had been working for Thompson Towing in June 2012, which would have been for at least four weeks, while the owner's recollection three years later was that Hamlin had worked there from May 2012 for "a couple of weeks." Kirby argues that a couple of weeks means two weeks and thus Hamlin was not employed by Thompson Towing and had misrepresented his employment status to the court.

{¶7}    Kirby also argued that Hamlin made no attempt to mitigate his damages; that it was actually Hamlin's father who fell into porch instead of Hamlin; and that Kirby saw Hamlin wearing a back brace before the fall and therefore was lying about whether he had any prior back injury.

{¶8}    Hamlin opposed the motion on the ground that it was untimely. Hamlin argued the Kirby admitted he received a copy of the complaint, was aware as early as March 2014 that a judgment on liability was issued, and knew a judgment awarding damages was rendered in June 2014. Hamlin argued that nonetheless, Kirby essentially ignored the judicial process until Hamlin took steps to attach a lien on Kirby's real property in November 2014.  Only then did Kirby retain counsel who requested a hearing in December 2014 and made a motion under Civ.R. 60(B) in January 2015,

seven months after the judgment was rendered.  Hamlin cited to *State Farm Mut. Auto. Ins. Co. v. Garreffa*, 4th Dist. Washington App. No. 04CA3, 2004-Ohio-3394 in support.

**{¶9}** In response Kirby filed a supplemental memorandum in which he claimed that during the time Hamlin stated he was unable to work, he committed a number of criminal offenses.

**{¶10}** The trial court held a hearing on Kirby's motion and denied it on the grounds that Kirby failed to present an affidavit or other admissible evidence to support the misrepresentation and fraud allegations presented by counsel.  The trial court also found that Kirby failed to show that the judgment was entered by "mistake, inadvertence, surprise or excusable neglect" or give any justification why Kirby's allegations could not have been discovered "by due diligence" during the 21 months of litigation. Additionally, the trial court found that Kirby was present at the damages hearing with ample opportunity to participate yet did not present evidence contrary to Hamlin's claims. Finally, the trial court held that there was no evidence presented that the judgment had been satisfied or any other reason justifying relief under Civ.R. 60(B)(4) & (5).  Kirby appealed.

## II. ASSIGNMENTS OF ERROR

**{¶11}** Kirby presents two assignments of error for our review:

I.    The trial court abused its discretion in denying defendant/appellant's timely Motion for Relief from Judgment under Civ. Rule 60(b), when the record clearly demonstrates that the money judgment obtained by plaintiff/appellee was obtained by fraud, and without any proof of damages in the record.

II.   The trial court committed prejudicial, reversible error in failing to grant defendant/appellant's Motion for Relief from Judgment under Civ. Rule 60(b).

### III.    MOTION FOR RELIEF FROM JUDGMENT

{¶12}  Kirby claims that the trial court erred when it denied his motion for relief from judgment because he is entitled to relief under the ground that Hamlin committed fraud by presenting false testimony.  He further claims that he can show that it was Hamlin's father, not Hamlin who fell through the porch hole of Kirby's apartment building.

### A.  Standard of Review

{¶13}  " 'In an appeal from a Civ.R. 60(B) determination, a reviewing court must determine whether the trial court abused its discretion.' " *Harris v. Anderson,* 109 Ohio St.3d 101, 2006–Ohio–1934, 846 N.E.2d 43, ¶ 7, quoting *State ex rel. Russo v. Deters,* 80 Ohio St.3d 152, 153, 684 N.E.2d 1237 (1997). An abuse of discretion occurs when a decision is unreasonable, arbitrary, or unconscionable. *State ex rel. Tindira v. Ohio Police & Fire Pension,* 130 Ohio St.3d 62, 2011–Ohio–4677, 955 N.E.2d 963, ¶ 28.

{¶14}  "In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must establish that '(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.' " *Deters* at 153–154, quoting *GTE Automatic Elec., Inc., v. ARC Industries, Inc.,* 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. In order to obtain relief, the movant must satisfy all three requirements. *See, Deters* at 154, citing *State ex rel. Richard v. Seidner,* 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

B.  Fraud or Misrepresentation by the Adverse Party

**{¶15}**  Kirby argues that the trial court abused its discretion in denying his motion because he clearly demonstrated that Hamlin obtained his judgment by fraud and without any proof of damages.

**{¶16}**  A movant must provide evidentiary material supporting the allegations that would warrant relief under Civ.R. 60(B). *Spaulding-Buescher v. Skaggs Masonry, Inc.,* 4th Dist. Hocking App. No. 08CA1, 2008-Ohio-6272, ¶ 14 ("[a] movant must demonstrate the satisfaction of these requirements by asserting operative facts in evidentiary materials of the nature contemplated by Civ.R. 56(C)"); *Angel v. Angel,* 4th Dist. Scioto App. No. 92CA2071, 1993 WL 49456 (Feb. 18, 1993) (operative facts must be supported by evidence similar in quality to "affidavits, depositions, answers to interrogatories, written admissions or written stipulations"). "[T]he evidence establishing the operative facts must be obtained prior to filing the Civ.R. 60(B) motion." *Angel* at *3. In order to grant relief from judgment based on fraud, the movant must establish fraud by clear and convincing evidence. *Ratliff-Wooten v. Wooten,* 4th Dist. Meigs App. No. 00CA1, 2000 WL 33226178 (Dec. 18, 2000); *Still v. Still,* 4th Dist. Gallia App. No. 95CA15, 1996 WL 362259 (June 25, 1996).

**{¶17}**  Here, the trial court found that Kirby failed to present any admissible evidence to support his general allegations of fraud upon which it could assess some level of reliability. The record shows that Kirby attached only two exhibits to support his motion. Exhibit No. 1 is the EMS report, which was first introduced by Hamlin at the damages hearing and shows that medics were dispatched to attend to Hamlin after he fell through the porch. Kirby argued that this proves Hamlin was lying on the kitchen

floor when they arrived, and not in the porch hole as Hamlin had testified.  Exhibit No. 2 is an investigative report showing that Hamlin was employed by Thompson Towing beginning in May 2012 for a few weeks. The investigative report is not in the form of an affidavit and is not otherwise an admissible statement made under oath.

**{¶18}**  The trial court did not abuse its discretion in concluding that Kirby failed to show sufficient operative facts to support his allegations of fraud.  Hamlin testified that he could not get up out of the porch hole without the assistance of others.  According to Hamlin, the EMS personnel assisted him out. The EMS report states that Hamlin was assisted out of the hole by family members before EMS arrived. The inconsistency between Hamlin's recollection of the events immediately after the fall and the EMS report does not prove by clear and convincing evidence that Hamlin committed fraud to obtain his judgment. Hamlin's inconsistent testimony concerning this relatively minor and immaterial fact can just as readily be explained as arising from a state of confusion caused by the fall. Both Hamlin's testimony and the EMS report support the material facts of Hamlin's claim that he fell through a porch into a four to five-foot hole and suffered back injuries.

**{¶19}**  Likewise, the trial court correctly determined that the investigative report was not sworn testimony and therefore it was not of evidentiary quality. The investigative report contained two levels of hearsay and is not the type of evidentiary material required by our holdings in *Spaulding-Buescher* and *Angel, supra*. Moreover, even if the trial court would have considered it, it does not prove fraud by clear and convincing evidence. Hamlin testified that he was working for Thompson Towing in early June 2012 when the fall occurred. The investigative report confirms that Hamlin started

working for Thompson Towing in May 2012 and does not contain a specific termination date.  The owner's recollection three years later was that Hamlin worked there for "a few weeks" and then failed to show up.

{¶20}  Based upon the record, we cannot say that the trial court abused its discretion in denying Kirby's motion for relief from judgment on the basis of fraud under Civ.R. 60(B)(3).

{¶21}  As the second part of his first assignment of error, Kirby claims that there was no proof of damages in the record. He argues that the trial court's judgment is not support by credible, competent evidence because the medical records were not authenticated and under R.C. 2317.421, Hamlin cannot use medical bills unless he submits them to the adverse party not less than five days before trial. Here there was no "adverse party" as contemplated by R.C. 2317.421 because Kirby failed to answer or make an appearance in the case until he appeared in court the day of the damage hearing. The record shows that Hamlin testified at the damages hearing about his injuries, medical expenses, and lost wages.  He presented over 175 pages of medical records and bills, which at the request of the trial court, were filed in the case.

{¶22}  Kirby's argument concerning the alleged inadmissibility of the medical records is an issue that could have been raised on direct appeal. Civ. R. 60(B) motion cannot be used as a substitute for a direct appeal. " '[W]here the remedy of appeal is available to a party, and where the issues raised in a motion for relief from judgment are those which could properly have been raised on appeal, a motion for relief from judgment will be denied.' " *Ohio Neighborhood Finance, Inc. v. Brown,* 4th Dist. Lawrence App. No. 10CA41, 2011-Ohio-2758, at ¶ 16-17; *Newell v. White,* 4th Dist.

Pickaway App. No. 05CA27, 2006–Ohio–637, at ¶ 14, quoting *Burroughs Real Estate Co. v. Zennie R. Heath*, 8th Dist. Cuyahoga App. No. 40476, 1980 WL 354563 (Mar. 20, 1980). "In order to bring [itself] within the limited area of Civ.R. 60(B), [movant] must establish the existence of extraordinary circumstances which rendered [it] unable to appeal[.] * * * [A] party should not be permitted to circumvent the appeals process through application of Civ.R. 60(B), *since it is the function of the appellate court to correct legal errors committed by the trial court.*" (Emphasis in original.) *Newell* at ¶ 14. Civ.R. 60(B) was intended to provide relief from a final judgment in specific, enumerated situations and cannot be used as a substitute for a direct, timely appeal. *Doe v. Trumbull County Children Services Board*, 28 Ohio St.3d 128, 502 N.E.2d 605 (1986) at paragraph two of the syllabus; *Newell* at ¶ 15.

**{¶23}** The trial court did not abuse its discretion in denying Kirby's motion on the ground that he failed to make a sufficient showing of fraud under Civ.R. 60(B)(3). And, Kirby's claim concerning evidentiary errors related to the medical records falls outside the scope of a Civ. R. 60(B) motion. We overrule Kirby's first assignment of error.

C. Kirby's Remaining Claim

**{¶24}** In his second assignment of error, Kirby makes a general, unspecified claim that the trial court erred in failing to grant his motion. However, to succeed on a Civ.R. 60(B) motion, Kirby must establish all three elements: (1) a meritorious defense; (2) grounds under Civ.R. 60(B)(1) – (5); and (3) that his motion was made within a reasonable time. Kirby must establish all three requirements before a court can grant relief. *Deters* at 154; *Citizens Bank Co. v. Keffer,* 4th Dist. Washington App. No. 12CA17, 2013-Ohio-245, at ¶ 20-21.

**{¶25}** We have already determined that Kirby did not submit sufficient evidence of fraud under Civ.R. 60(B)(3), the only reason he gave for seeking relief from judgment. Thus, the trial court did not abuse its discretion in denying Kirby's motion on this ground. Kirby gave no reasoning, argument or evidence under the remaining four grounds in Civ.R. 60(B). Because Kirby clearly failed to satisfy one of the three requirements for relief, we have no need to determine whether Kirby satisfied the other two requirements. The trial court's decision does not address the meritorious defense requirement and Kirby does not challenge the trial court's determination that he failed to bring his motion within a reasonable time. *See State Farm Mut. Auto. Ins. Co. v. Garreffa*, 4th Dist. Washington App. No. 04CA3, 2004-Ohio-3394 (even if a party files within the one-year time limit, the party is still subject to the "reasonable time provision" and cannot simply wait seven to nine months after receiving notice of the judgment to seek relief without some showing of evidence to explain delay).

**{¶26}** We overrule Kirby second assignment of error and affirm the trial court's judgment.

### IV. CONCLUSION

**{¶27}** Kirby failed to support his Civ.R. 60(B)(3) motion with sufficient evidence establishing the operative facts of fraud by clear and convincing evidence. Accordingly, the trial court did not abuse its discretion when it denied Kirby's motion for relief from judgment. We overrule Kirby's assignments of error and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & McFarland, A.J.: Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**