[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 205.]

THE STATE EX REL. RICHARD, APPELLANT, *v.* CUYAHOGA COUNTY
COMMISSIONERS ET AL., APPELLEES.

[Cite as *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 2000-Ohio-135.]

*Appellate procedure—Appeal dismissed when not properly perfected.*

(No. 99-2250—Submitted April 10, 2000—Decided June 21, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 66528.

_____

{¶ 1} On February 28, 1995, the Court of Appeals for Cuyahoga County exercised its inherent authority to deny appellant, Donald L. Richard, *in forma pauperis* status for the future filing of original actions in that court. *State ex rel. Richard v. Cuyahoga Cty. Bd. of Commrs.* (1995), 100 Ohio App.3d 592, 654 N.E.2d 443. The court of appeals found that Richard had consistently abused the process of that court by filing sixty-three original actions over a three-year period. *Id.*, 100 Ohio App.3d at 593-594, 654 N.E.2d at 444.

{¶ 2} Instead of appealing this judgment, Richard waited until October 1999, when he filed a Civ.R. 60(B)(5) motion in the court of appeals for relief from the February 28, 1995 judgment to correct alleged judicial misconduct of the court of appeals judges who entered the judgment. In his motion, Richard claimed that the 1995 judgment was erroneous because the court imposed the sanction denying him *in forma pauperis* status in the context of a reconsideration motion and because the myriad of original actions filed by Richard were not frivolous. The court of appeals denied the motion.

{¶ 3} The cause is now before this court upon Richard's purported appeal as of right.

_____

*Donald L. Richard, pro se.*

_____

***Per Curiam.***

**{¶ 4}** We dismiss Richard's appeal.  Richard did not file a timely appeal from the February 28, 1995 court of appeals judgment revoking his *in forma pauperis* status for the future filing of original actions in that court.  See S.Ct.Prac.R. II(2)(A)(1).

**{¶ 5}** Richard's Civ.R. 60(B) motion for relief from judgment did not extend the time for him to appeal the 1995 judgment.  "A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment."  *Key v. Mitchell* (1998), 81 Ohio St.3d 89, 90-91, 689 N.E.2d 548, 549; *State ex rel. Durkin v. Ungaro* (1988), 39 Ohio St.3d 191, 192, 529 N.E.2d 1268, 1269.  Richard's claims concerning the propriety of the 1995 court of appeals judgment could have been raised in a timely appeal from that judgment.  And to the extent that Richard is claiming newly discovered evidence to support his Civ.R. 60(B)(5) claim, Civ.R. 60(B)(5) cannot be used in this manner.  *Strack v. Pelton* (1994), 70 Ohio St.3d 172, 174, 637 N.E.2d 914, 916.

**{¶ 6}** Based on the foregoing, we dismiss Richard's appeal because it was not properly perfected.

*Appeal dismissed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____