JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, plaintiff-appellant, Melvin Pollard ("Pollard"), appeals from the judgment of the Cuyahoga County Court of Common Pleas, which denied his motion for relief from judgment. For the following reasons, we dismiss the appeal.
 {¶ 2} In January 2002, Pollard was arrested by the federal law enforcement authorities in Chicago, Illinois for selling illegal drugs to a federal informant and law enforcement officers. Pollard retained defendant-appellee, Dennis P. Levin ("Levin"), to represent him in this matter. On August 22, 2002, Levin negotiated a plea agreement on Pollard's behalf, for which Pollard (1) avoided similar charges being filed in Ohio and (2) received a reduced sentence of 194 months. Pollard did not file an appeal from this judgment.
 {¶ 3} On May 13, 2005, nearly three years after Levin's representation of Pollard had terminated, Pollard filed a complaint for legal malpractice against Levin alleging that Levin's handling of the above-described criminal matter amounted to legal malpractice.
 {¶ 4} On July 20, 2005, Levin filed a motion to dismiss (which was converted to a motion for summary judgment) arguing that Pollard's complaint was filed outside the applicable statute of limitations.
 {¶ 5} On September 6, 2005, Pollard filed a brief in opposition and requested leave to file an amended complaint for legal malpractice alleging that the statute of limitations was tolled because Levin had failed to provide his case files, after *Page 4 
numerous requests, which prevented him from pursuing a collateral attack of his conviction and sentence. Attached to this motion was a letter from Robert Dixon, an attorney hired by Pollard to review his case and determine whether there were any viable grounds to pursue a federal post conviction action to set aside Pollard's conviction. In this letter, Dixon specifically stated that he reviewed the docket, transcripts, and spoke with Levin at length before concluding that there were insufficient grounds upon which to successfully set aside Pollard's plea and conviction.
 {¶ 6} On September 13, 2005, the trial court denied Pollard's motion to amend the complaint and granted Levin's motion to dismiss/motion for summary judgment, finding that Pollard's complaint was barred by the one-year statute of limitations found in R.C. 2305.11. Pollard did not appeal this decision.
 {¶ 7} On October 7, 2005, Pollard filed a motion for relief from judgment and/or motion for reconsideration to amend complaint asserting that the trial court's decision to dismiss his complaint based on the applicable one-year statute of limitations was erroneous because Levin's failure to turn over his case files amounted to "continuing negligence," which tolls the statute of limitations.
 {¶ 8} On November 22, 2005, the trial court denied Pollard's motion without hearing.
 {¶ 9} On May 4, 2006, Pollard filed another motion for relief from judgment asserting that the trial court's decision to dismiss his complaint based on the *Page 5 
applicable one-year statute of limitations was erroneous because Levin's handling of his case and his subsequent failure to turn over his case files amounted to a "fraud upon the court" as contemplated under Civ.R. 60(B)(5).
 {¶ 10} On May 5, 2006, Levin filed a brief in opposition asserting that Pollard failed to comply with the requirements of Civ.R. 60(B) and that Pollard's complaint was barred by the one-year statute of limitations.
 {¶ 11} On May 19, 2006, the trial court denied Pollard's motion without hearing or opinion.
 {¶ 12} It is from this order that Pollard now appeals and raises the following assignments of error for our review.
 {¶ 13} "I(A). The Court of Common Pleas misinterpreted appellant's 60(B) motion or made mistakes due to the appellee's deceitful presentation and consequently failed to apply the relevant law to the statute of limitations, which resulted in prejudicial error to the appellant entitling him to judgment in his favor as a matter of law.
 {¶ 14} "I(B). The court abused its discretion in improperly dismissing appellant's 60(B) motion whereby appellee failed to maintain a complete and accessible case file that would assist appellant in the pursuit of his post conviction remedies, causing injury within the statute of limitations under the theory on an ongoing attorney/client relationship. *Page 6 
 {¶ 15} "I(C). The Court of Common Pleas misinterpreted appellant's 60(B)(2) newly discovered claim or made mistakes on the part of appellee's deceitful presentation and consequently failed to apply the relevant law, which resulted in prejudicial error to the appellant entitling him to judgment in his favor as a matter of law.
 {¶ 16} "I(D). The court abused its discretion in not addressing plaintiff's unopposed 60(B)(5) fraud upon the court claim."
 {¶ 17} Since all of Pollard's assignments of error challenge the trial court's decision to deny Pollard's motion for relief from the September 13, 2005 order dismissing Pollard's complaint for legal malpractice, we shall address them together.
 {¶ 18} A motion for relief from judgment under Ohio R. Civ.60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 19} In order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made *Page 7 
within a reasonable time. GTE Automatic Elec, Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146.
 {¶ 20} A Civ.R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal or as a means to extend the time for perfecting an appeal from the original judgment. Key v. Mitchell,81 Ohio St.3d 89, 90-91, 1998-Ohio-643. Any claims or arguments that were not raised in a timely appeal, but which could have been raised, are precluded from being raised in a subsequent Civ.R. 60(B) motion. Id. at 91.
 {¶ 21} When a Civ.R. 60(B) motion is used as a substitute for a timely appeal, and when the denial of that motion is subsequently appealed, the proper response is the dismissal of the appeal. State ex rel. Richard v.Cuyahoga Cty. Commrs., 89 Ohio St.3d 205, 2000-Ohio-135; Key, supra at 91; and State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191.
 {¶ 22} Here, Pollard failed to timely appeal the September 12, 2005 order of the trial court granting summary judgment to Levine and dismissing Pollard's complaint. Pollard's subsequent filing of a motion to vacate, nearly seven months after his appellate time had elapsed, was an attempt to circumvent the fact that no timely appeal was filed. Accordingly, we hereby dismiss this appeal. See State ex rel.Richard, supra; Key, supra; and State ex rel. Durkin, supra.
 {¶ 23} Pollard's assignments of error are overruled.
 Appeal dismissed. *Page 8 
It is ordered that appellee recover of appellant his costs herein taxed.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 KENNETH A. ROCCO, J., and MARY J. BOYLE, J., CONCUR. *Page 1