JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App. R. 11.1 and Loc. App. R. 11.1.
 {¶ 2} Plaintiffs-appellants, Darrell and Shirley Garrett (collectively referred to as "plaintiffs"), appeal from the judgment of the Cuyahoga County Court of Common Pleas that denied their motion for relief from judgment. For the following reasons, we dismiss the appeal.
 {¶ 3} In November 2006, [1] plaintiffs filed a complaint against defendants-appellees, Steven Gortz and Eric Franklin (collectively referred to as "defendants"), alleging that defendants negligently operated their automobile and caused them injuries.
 {¶ 4} The case proceeded to a case management conference where plaintiffs were advised of the discovery deadlines. On June 4, 2007, defendants filed a combined motion to dismiss and a motion for summary judgment alleging that plaintiffs had failed to prosecute their case. Specifically, defendants alleged that plaintiffs had failed to comply with any discovery requests and had failed to identify *Page 2 
an expert or provide expert reports to establish causation. Plaintiffs did not file a brief in opposition.
 {¶ 5} On July 20, 2007, the trial court granted defendants' unopposed motion to dismiss and motion for summary judgment and dismissed the action with prejudice. Plaintiffs did not appeal this decision; instead, on August 16, 2007, they filed a motion for relief from judgment under Civ. R. 60(B).
 {¶ 6} Although plaintiffs titled their motion as one for relief from judgment under Civ. R. 60(B), they failed to apply the Civ. R. 60(B) standard and failed to address any of the specified reasons under Civ. R. 60(B) as to why they were entitled to relief from judgment. Rather, plaintiffs' counsel merely claimed that he did not receive a copy of the motion to dismiss and motion for summary judgment and asserted that his failure to respond to the motion and check the docket amounted to "inadvertence" or "excusable neglect."
 {¶ 7} On October 29, 2007, the trial court denied plaintiffs' motion without hearing or opinion.
 {¶ 8} It is from this order that plaintiffs now appeal and raise one assignment of error for our review, which states:
 {¶ 9} "I. The trial court erred in failing to grant plaintiffs-appellants' unopposed motion for relief pursuant to Rule 60(B) where such failure is *Page 3 
unreasonable, arbitrary, and unconscionable, thus demonstrating an abuse by the trial court of its discretion."
 {¶ 10} In their sole assignment of error, plaintiffs challenge the trial court's decision to deny their motion for relief from the July 20, 2007 order dismissing plaintiffs' complaint.
 {¶ 11} A motion for relief from judgment under Civ. R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 12} In order to prevail on a Civ. R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec, Inc. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146. Failure to prove any of the three is fatal to the motion.
 {¶ 13} A Civ. R. 60(B) motion for relief from judgment cannot be used as a substitute for a timely appeal, even when the Civ. R. 60(B) motion is filed within the period for a timely appeal. Blatt v. Meridia HealthSystems, et al., Cuyahoga App. *Page 4 
No. 89074, 2008-Ohio-1818. Any claims or arguments that were not raised in a timely appeal, but which could have been raised, are precluded from being raised in a subsequent Civ. R. 60(B) motion. Id. at 91.
 {¶ 14} When a Civ. R. 60(B) motion is used as a substitute for a timely appeal, and when the denial of that motion is subsequently appealed, the proper response is the dismissal of the appeal. State ex rel. Richard v.Cuyahoga Cty. Commrs., 89 Ohio St.3d 205, 2000-Ohio-135; Key, supra at 91; State ex rel. Durkin v. Ungaro (1988), 39 Ohio St.3d 191;Pollard v. Levin, Cuyahoga App. No. 88325, 2007-Ohio-1461.
 {¶ 15} Here, rather than filing a direct appeal from the trial court's final judgment dismissing their complaint, plaintiffs erroneously seek review of the trial court's judgment through their Civ. R. 60(B) motion. This they cannot do. See Blatt v. Meridia Health Systems, supra;Wilson v. Wilson, Cuyahoga App. No. 86817, 2006-Ohio-4261; Harris v.Formica Corp., Cuyahoga App. No. 89536, 2008-Ohio-688 (plaintiffs cannot use a Civ. R. 60(B) motion to get a second chance to oppose summary judgment). Accordingly, the trial court did not abuse its discretion when it denied plaintiffs' motion for relief from judgment.
 {¶ 16} Moreover, plaintiffs failed to demonstrate that they were entitled to relief from judgment under any of the grounds stated in Civ. R. 60(B)(1) through (5) because their arguments do not amount to mistake, surprise, inadvertence, or *Page 5 
excusable neglect. Plaintiffs claim that they did not receive a copy of defendants' motion for summary judgment.[2] However, in light of the fact that the case had been ongoing for some time and that counsel admitted that he had problems receiving mail at his address, it was incumbent on him to check the docket to keep informed of the progress of the case. See Automated Solutions Corp. v. Paragon Data Sys.,167 Ohio App.3d 685, 2006-Ohio-3492; State Farm v. Peller (1989),63 Ohio App.3d 357, 360. The failure to ensure proper mail delivery and keep informed of the progress of an ongoing case does not qualify as excusable neglect.
 {¶ 17} Plaintiffs' sole assignment of error is overruled.
Appeal dismissed.
It is ordered that appellees recover from appellants their costs herein taxed. *Page 6 
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
SEAN C. GALLAGHER, J., and MARY J. BOYLE, J., CONCUR
[1] Plaintiffs originally filed their complaint in February 2005. On January 17, 2006, that case was dismissed without prejudice for failure to prosecute.
[2] This case is clearly distinguishable from instances where parties have failed to receive notice of the complaint being filed. SeeRafalski v. Oates (1984), 17 Ohio App.3d 65. Unlike the situation inRafalski, plaintiffs filed the suit against the defendants and were responsible for keeping themselves advised of the progress of their case. *Page 1