[Cite as *Platinum Restoration Contractors, Inc. v. Salti*, 2023-Ohio-3709.]

## COURT OF APPEALS OF OHIO
## EIGHTH APPELLATE DISTRICT
## COUNTY OF OHIO

PLATINUM RESTORATION
CONTRACTORS, INC.,

        Plaintiff-Appellee,

        v.

FOWAZ SALTI,

        Defendant-Appellant.

:
:
:
:
:
:
:

No. 112476

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** October 12, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-919506

### *Appearances:*

Davis & Young, Dennis R. Fogarty, and Ryan J. Kun, *for appellee.*

The Lindner Law Firm, LLC, and Daniel F. Lindner, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant Fowaz Salti appeals the trial court's denial of his motion for relief from judgment. Upon review, we affirm the decision of the trial court.

{¶ 2} On August 8, 2019, plaintiff-appellee Platinum Restoration Contractors, Inc. ("Platinum"), filed a complaint raising claims of breach of contract and unjust enrichment against appellant. Platinum sought to recover amounts allegedly owed for work performed at appellant's property and for material provided. Appellant filed an answer and counterclaim, in which appellant alleged that Platinum had "breached the duty of care to perform the work in a satisfactory manner" and had caused damages to his property.[1]

{¶ 3} Appellant was initially represented by counsel in the matter; however, on September 23, 2020, his attorney filed a motion to withdraw as counsel.[2] Upon appellant's consent, the trial court granted the motion to withdraw on April 15, 2021.

{¶ 4} The case proceeded to an arbitration hearing on May 20, 2021. Appellant appeared pro se at the arbitration hearing. The arbitration resulted in an award to Platinum on the complaint and a decision against appellant on his counterclaim. Appellant, acting pro se, filed a "notice of arbitration appeal de novo" on June 21, 2021.

{¶ 5} The case was set for trial on October 6, 2021. Platinum used the court's electronic filing system to file several pretrial pleadings.

---

[1] Appellant's wife, Sabrina Suleiman, filed an intervening claim in the action, and Platinum filed a counterclaim for malicious prosecution. Ultimately, judgment was rendered against Suleiman on her intervening claim and in favor of Platinum on the counterclaim. Suleiman is not a party to this appeal.

[2] The attorney included an affidavit indicating he had an inability to devote time to the case and a lack of experience.

{¶ 6} On October 6, 2021, after appellant failed to appear for trial, judgment was entered in favor of Platinum and against appellant in the amount of $45,639.04 plus statutory interest from the date of judgment. Judgment was also entered in favor of Platinum on appellant's counterclaim.[3] On March 8, 2022, the trial court granted Platinum's supplemental motion to tax costs, including attorney fees, and the court awarded Platinum $18,120.17 in costs and fees. On June 22, 2022, the trial court entered judgment liens.

{¶ 7} On September 30, 2022, appellant filed a motion for relief from the judgments rendered against him pursuant to Civ.R. 60(B). Appellant argued that he failed to attend the trial in the matter or otherwise defend in the case after his attorney withdrew because he was not able, despite his attempts, to obtain new counsel, he never received any court notices, and he did not understand the urgency of the situation. Appellant further indicated that he did not learn of the judgment against him until he received a foreclosure complaint on September 8, 2022, which arose from the judgment sought to be vacated. Appellant also set forth allegations setting forth his defense to the claims. Appellant's motion to vacate was opposed by Platinum.

{¶ 8} On December 13, 2022, the trial court issued an opinion and judgment entry that denied appellant's motion upon determining that appellant

---

[3] We note that judgment was also entered in favor of Platinum on the claims of intervening plaintiff Sabrina Suleiman, who is not a party to this appeal.

failed to demonstrate any of the grounds for relief under Civ.R. 60(B)(1) through (5). This appeal followed.

{¶ 9} Under his sole assignment of error, appellant claims the trial court erred by denying his motion because the motion met the requirements of Civ.R. 60(B).

{¶ 10} An appellate court reviews a trial court's decision denying a Civ.R. 60(B) motion for an abuse of discretion. *State ex rel. Hatfield v. Miller*, Slip Opinion No. 2023-Ohio-429, ¶ 8, citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21, 520 N.E.2d 564 (1988); *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). An abuse of discretion implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶ 11} To prevail on a motion under Civ.R. 60(B), the movant is required to demonstrate that

> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken.

*GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Civ.R. 60(B) relief is not warranted if any one of the requirements is not satisfied. *State ex rel. Russo v. Deters*, 80 Ohio St.3d 152,

154, 684 N.E.2d 1237 (1997), citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151, 666 N.E.2d 1134 (1996).

{¶ 12} In this case, the trial court denied appellant's motion upon determining that appellant failed to demonstrate any of the grounds for relief under Civ.R. 60(B)(1) through (5). The trial court recognized that appellant had consented to the withdrawal of his counsel and appeared pro se in the action, having participated in the arbitration hearing and filed a notice of appeal from the arbitration award. Although appellant claimed a lack of notice for the trial and a lack of understanding, the trial court observed that the trial date was clearly indicated on the docket and found that it was incumbent on appellant to check the docket to keep informed of the proceedings. *See Automated Solutions Corp. v. Paragon Data Sys.*, 167 Ohio App.3d 685, 2006-Ohio-3492, 856 N.E.2d 1008, ¶ 60 (8th Dist.), citing *State Farm Mut. Auto. Ins. Co. v. Peller*, 63 Ohio App.3d 357, 360-361, 578 N.E.2d 874 (8th Dist.1989) (recognizing that parties have the responsibility to keep themselves apprised of the court's entries to the docket and that the failure of the clerk of court to provide notice does not excuse compliance).[4]

{¶ 13} The record in this case reflects that appellant filed an appeal from the arbitration award in June 2021 and trial was held in October 2021. It was nearly a

---

[4] The trial court also noted that Platinum sent certain documents to appellant by email and personal delivery. It appears from the record that Platinum sent communications to appellant via email regarding proposed trial dates, but it did not receive any response. Platinum also included an attachment to its trial brief of a communication that was sent to plaintiff via email and personal delivery regarding trial preparation and document submission.

year later, after collection proceedings were underway, that appellant filed his Civ.R. 60(B) motion in September 2022. As stated by the trial court, "[t]he failure to keep informed of the progress of an ongoing case does not qualify as excusable neglect." *See Garrett v. Gortz*, 8th Dist. Cuyahoga No. 90625, 2008-Ohio-4369 ("The failure to ensure proper mail delivery and keep informed of the progress of an ongoing case does not qualify as excusable neglect.").

{¶ 14} We recognize that in this matter appellant's attorney withdrew from the action, appellant claims to have had difficulty in obtaining new counsel, and he asserts that he did not receive notice of the trial date. However, appellant failed to offer any explanation for his failure to contact the court regarding the status of his case or to check the docket to determine whether any action was required after appearing pro se. In similar situations, courts have found that a party's ignorance of the case's status does not constitute excusable neglect under Civ.R. 60(B)(1). *See A.J. Constr. Co. v. Steel Valley Paving & Concrete, Inc.*, 11th Dist. Trumbull No. 2022-T-0098, 2023-Ohio-1537, ¶ 23 (recognizing a defendant had a duty to keep itself informed of the status of the case after its attorney withdrew); *Smith v. Hines*, 6th Dist. Lucas No. L-22-1075, 2023-Ohio-107, ¶ 25 (excusable neglect was not demonstrated where a pro se litigant exhibited a complete lack of attention to the process of the court after counsel withdrew). Further, although appellant also argues that the catchall provision of Civ.R. 60(B)(5) should apply, that provision "is not to be used as a substitute for any of the other more specific provisions of Civil

Rule 60(B)." *Caruso-Ciresi, Inc. v. Lohman*, 5 Ohio St.3d 64, 66, 448 N.E.2d 1365 (1983).

{¶ 15} Having determined that appellant failed to demonstrate any of the grounds for relief under Civ.R. 60(B), the trial court did not need to address the other requirements for Civ.R. 60(B) relief. We are not persuaded by any other argument raised. Upon our review, we find the trial court did not abuse its discretion in denying appellant's motion.

{¶ 16} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

SEAN C. GALLAGHER, JUDGE

MICHAEL JOHN RYAN, J., CONCURS;
MARY EILEEN KILBANE, P.J., DISSENTS (WITH SEPARATE OPINION)


MARY EILEEN KILBANE, P.J., DISSENTING:

{¶ 17} I respectfully dissent from the majority opinion. Appellant argued that he did not receive court notices — including notice of the trial date — since he was not registered with the court's electronic filing system. Further, it is

questionable if appellant received copies of documents filed by Platinum. Some of Platinum's court filings reflect a certificate of service notice that states service was provided via the court's electronic filing system. Appellant did not receive documents through that system. Other filings by Platinum included a certificate of service that stated service was made either to parties indicated on the electronic filing receipt or by regular U.S. mail and/or electronic mail. Yet, appellant argued that his incorrect email address was provided when he appealed the arbitration award. Appellant also argued that while he proceeded pro se after his attorney withdrew as counsel, he was unable to retain new counsel as a result of the aftereffects of the COVID-19 pandemic. I would have found the trial court abused its discretion when it denied appellant's Civ.R. 60(B) motion to vacate all judgment. For these reasons, I respectfully dissent.