[Cite as *State v. Perry*, 2025-Ohio-4945.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, | Case No. 25-COA-003 |
| Plaintiff - Appellee | <u>Opinion And Judgment Entry</u> |
| -vs- | Appeal from the Ashland County Court of Common Pleas, Case No. 23-CRI-074 |
| ANGEL PERRY, | Judgment: Affirmed |
| Defendant – Appellant | Date of Judgment Entry: October 28, 2025 |

**BEFORE:** Andrew J. King; Robert G. Montgomery; David M. Gormley, Judges

**APPEARANCES:** JAMES B. REESE III, for Plaintiff-Appellee; BENJAMIN R. SORBER, for Defendant-Appellant.

*Montgomery, J.*

**STATEMENT OF THE FACTS AND THE CASE**

{¶1}   Ohio State Highway Patrolman Trooper Guinther stopped Angel Perry (hereinafter referred to as "Perry") on February 8, 2023, for driving a car with windows that the trooper suspected were darker than the legal limit.

{¶2}   Trooper Guinther testified, "As the vehicle passed, I observed that the driver's window - - tint on the driver's side window was extremely dark preventing me from being able to see inside the passenger compartment or the driver at that time." *Trial Transcript*, p. 7.

**{¶3}** Trooper Guinther approached Perry's car and asked for his license, registration and insurance information. Perry informed Trooper Guinther, "[h]e did not have that information." *Id.*, p. 12.

**{¶4}** While peering into Perry's car, Trooper Guinther observed, "In his center console area I observed what appeared to be a rolled marijuana cigarette." *Id.*[1]

**{¶5}** Trooper Guinther questioned Perry regarding the hand rolled product and Perry responded that it was a hand rolled cigarette. *Id.*, p. 13.

**{¶6}** Trooper Guinther believed the hand rolled product was a marijuana cigarette based on the type of paper that was used.

**{¶7}** "It was Raw rolling paper, which based off my training and experience is directly used with, I guess, consumption of marijuana." *Id.*, p. 12.

**{¶8}** Trooper Guinther did not detect an odor of marijuana or see other drug paraphernalia at the initial time of the stop. *Id.*, p. 35.

**{¶9}** Trooper Guinther ordered Perry to exit his vehicle and Perry complied.

**{¶10}** Trooper Guinther asked to see the hand rolled product, but Perry did not comply.

**{¶11}** Trooper Guinther informed Perry that he was not going to give him a ticket for his dark tinted windows,[2] but he was going to check his license, the suspected marijuana cigarette and if all was legal, Perry would be free to go. *Id.*, p. 18.

**{¶12}** Prior to Trooper Guinther running Perry's license, Perry admitted the cigarette was marijuana and he did not have a medical marijuana card.

---

[1] At the time of the stop, marijuana was only legal for those that had a medical marijuana card.
[2] Even though Perry was not cited for his window tint violation, after testing, his windows were found to be darker than the legal limit.

**{¶13}** After Perry admitted that the cigarette was in fact marijuana, Trooper Guinther informed him that he was being detained and read his Miranda Rights to him. *Id.*, p. 20.

**{¶14}** Trooper Guinther then searched Perry's car and found a satchel type bag with multiple baggies of prescription pills, suspected methamphetamine, suspected cocaine, and what appeared to be a loaded firearm. *Id.*, p. 22.

**{¶15}** Perry was indicted in the Ashland County Court of Common Pleas on March 9, 2023, on three counts.

**{¶16}** On June 8, 2023, the State filed a superseding indictment charging Perry with six felony counts for various drug and firearm violations. Perry filed a motion to suppress the evidence obtained at the traffic stop with the trial court on April 30, 2024. Following a hearing, the trial court denied the motion in its Judgment Entry filed on September 19, 2024.

**{¶17}** Perry ultimately entered a plea of "no contest" to the six charges contained in the superseding indictment. The trial court accepted Perry's no contest pleas on October 28, 2024. The trial court journalized Perry's pleas and the court's decision in a Journal Entry filed with the trial court on October 29, 2024.

**{¶18}** Perry filed a timely appeal and asserts the following assignments of error:

**{¶19}** "I.    THE TRIAL COURT ERRED BY DENYING MR. PERRY'S MOTION TO SUPPRESS BECAUSE MR. PERRY WAS DETAINED UNCONSTITUTIONALLY BEYOND THE TIME NEEDED TO REASONABLY COMPLETE THE TRAFFIC STOP."

**{¶20}** "II.    THE TRIAL COURT ERRED IN FINDING THE TROOPER HAD PROBABLE CAUSE TO SEARCH MR. PERRY'S VEHICLE BECAUSE IT WAS NOT

IMMEDIATELY APPARENT TO THE TROOPER THAT THE HAND ROLLED CIGARETTE CONTAINED CONTRABAND."

{¶21} "III.    THE TRIAL COURT ERRED WHEN IT FOUND MIRANDA WARNINGS WERE NOT REQUIRED PRIOR TO THE TROOPER'S CUSTODIAL INTERROGATION OF MR. PERRY."

{¶22} "IV.    THE TRIAL COURT ERRED WHEN IT DENIED MR. PERRY'S MOTION TO SUPPRESS BECAUSE MR. PERRY DID NOT GIVE CONSENT FOR A SEARCH OF HIS VEHICLE."

## STANDARD OF REVIEW

{¶23} The Ohio Supreme Court has stated, "Appellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses." *State v. Burnside,* 2003-Ohio-5372, ¶ 8, quoting *State v. Mills*, 62 Ohio St.3d 357, 366 (1992).

{¶24} Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19 (1982). Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 707 (4th Dist. 1997).

## ANALYSIS

**{¶25}** Perry argues in his first assignment of error that, "The detention of Mr. Perry was unreasonable under the Fourth Amendment because the purpose of the stop was completed or reasonably should have been completed, before the trooper began his search of Mr. Perry's vehicle." *Appellant Brief*, p. 7. We disagree.

**{¶26}** The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution guarantee the right to be free from unreasonable searches and seizures. *State v. Mays*, 2008-Ohio-4369, ¶ 7, citing *State v. Orr*, 91 Ohio St.3d 389, 391 (2001).

**{¶27}** "The United States Supreme Court has stated that a traffic stop is constitutionally valid if an officer has a reasonable and articulable suspicion that a motorist has committed, is committing, or is about to commit a crime." *Id.*

**{¶28}** "Therefore, if an officer's decision to stop a motorist for a criminal violation, including a traffic violation, is prompted by a reasonable and articulable suspicion considering all the circumstances, then the stop is constitutionally valid." *Id.*, ¶ 8.

**{¶29}** Perry argues in his brief that the purpose of the stop was to "issue a warning for the alleged window tint violation." *Appellant Brief*, p. 9.

**{¶30}** However, there is no evidence in the record that the purpose of the stop was to issue a warning to Perry.

**{¶31}** Trooper Guinther testified he initiated a traffic stop due to a window tint violation. During his initial contact with Perry, Trooper Guinther saw a hand rolled

cigarette in the center console of Perry's car. Trooper Guinther had reasonable suspicion to believe that the hand rolled cigarette was a marijuana cigarette.

**{¶32}** Trooper Guinther decided not to issue a ticket for the tinted window violation but continued to investigate his suspicion that Perry was committing criminal activity.

**{¶33}** Trooper Guinther testified, "I informed him that if it was, in fact, a tobacco cigarette, I would check his driving status, if he was valid that he would be on his way." *Id.*, p. 18.

**{¶34}** "An officer may prolong the stop if he gathers further information during the stop that gives rise to an independent reasonable articulable suspicion that other offenses may have been committed or are being committed." *State v. Robinette*, 80 Ohio St.3d 234, 240 (1997).

**{¶35}** Trooper Guinther had an independent and reasonable articulable suspicion that Perry possessed an illegal substance. Therefore, Trooper Guinther did not violate Perry's Fourth Amendment rights by prolonging the traffic stop.

**{¶36}** Perry's first assignment of error is overruled.

**{¶37}** Perry argues in his second assignment of error that, "[t]he Trooper lacked probable cause to search Mr. Perry's vehicle based on the "plain view" of the hand rolled cigarette." *Appellant Brief*, p. 13. We disagree.

**{¶38}** This Court has held, "[w]hen an officer observes incriminating evidence in plain view in a vehicle, the officer may seize such evidence when (1) the initial intrusion that afforded the officer the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent to the officer." *State v Gordon*, 2014-Ohio-5027, ¶ 21 (5th Dist.).

**{¶39}** "The incriminating nature of an object is 'immediately apparent' when an officer has probable cause to associate the object with criminal activity." *Id.*, citing *State v. Halczyszak,* 25 Ohio St.3d 301 (1986), paragraph three of the syllabus. "Officers are entitled to rely on their specialized knowledge, training, and experience in ascertaining the required probable cause to satisfy the 'immediately apparent' requirement." *Id.* at paragraph four of the syllabus.

**{¶40}** In the case sub judice, Perry argues that it was not readily apparent to Trooper Guinther that the hand rolled cigarette he observed was a marijuana cigarette. *Appellant Brief*, p. 13.

**{¶41}** Trooper Guinther did not detect an odor of marijuana or other drug paraphernalia when he peered into Perry's vehicle, however, he readily noticed that Raw brand paper was used to roll the cigarette. Trooper Guinther testified that based on his training and experience, Raw rolling paper is directly used with consumption of marijuana. *Trial Transcript*, p. 12.

**{¶42}** We find that the marijuana cigarette was in plain view of Trooper Guinther and based on his knowledge and training he had probable cause to believe the cigarette was marijuana.

**{¶43}** This Court finds that Trooper Guinther had probable cause to search Perry's vehicle and his second assignment of error is overruled.

**{¶44}** Perry asserts in his third assignment of error the trial court erred when it found Miranda warnings were not required prior to the trooper's custodial interrogation of Mr. Perry. *Appellant Brief*, p. 14.

{¶45} The Supreme Court of the United States stated in *Miranda v. Arizona*, 384 U.S. 436, 478-479 (1966), that a statement made by a defendant and obtained in response to questioning by a law enforcement officer while the defendant is in custody is presumed involuntary, and therefore inadmissible, unless proper procedural safeguards were taken to protect the privilege against self-incrimination.

{¶46} Perry argues that when he was removed from his vehicle, he was not free to leave and that this placed him into "custody". *Appellant Brief*, p. 17. However, the Ohio Supreme Court has held, " 'not free to leave' and 'in custody' are distinct concepts." *Cleveland v. Oles*, 2017-Ohio-5834, ¶ 30. "For purposes of the constitutional privilege against self-incrimination, the test is not whether the individual feels free to leave but whether the situation 'exerts upon a detained person pressures that sufficiently impair his free exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights.' " *Id.*, ¶ 31, citing *Berkemer v. McCarty,* 468 U.S. 420, 437 (1984).

{¶47} In the case at hand, Perry was not handcuffed, was within a few feet of his vehicle, was free to walk around and was smoking a cigarette at the time he admitted that the cigarette in the vehicle was marijuana. He was not free to leave the traffic stop but was not in custody. Therefore, Perry's admission that the cigarette was marijuana is admissible.

{¶48} Perry's third assignment of error is overruled.

{¶49} Perry's final assignment of error alleges that he did not give consent for a search of his vehicle and therefore the trial court should have granted his motion to suppress. *Appellant Brief*, p. 17.

{¶50} As previously stated, Trooper Guinther identified a cigarette in the center console of Perry's vehicle and had a reasonable suspicion that it was a marijuana cigarette. The marijuana cigarette was in plain view.

{¶51} Under a similar set of facts, the Ohio Supreme Court held, "Once a law enforcement officer has probable cause to believe that a vehicle contains contraband, he or she may search a validly stopped motor vehicle based upon the well-established automobile exception to the warrant requirement." *State v. Moore*, 2000-Ohio-2010, ¶ 8, citing *Maryland v. Dyson*, 527 U.S. 465, 466 (1999); *United States v. Ross*, 456 U.S. 798, 804 (1982); *State v. Mills*, 62 Ohio St.3d 357 (1992).

{¶52} As previously stated, Trooper Guinther had probable cause to believe that Perry's automobile contained contraband, therefore, Perry's consent for Trooper Guinther to search his vehicle was not required under the automobile exception.

{¶53} Perry's fourth assignment of error is overruled.

**CONCLUSION**

**{¶54}** This Court finds that the trial court's findings are supported by competent, credible evidence.

**{¶55}** Based on the foregoing, this Court overrules Perry's first, second, third and fourth assignments of error. The trial court's Judgment Entry issued on September 19, 2024, in the Ashland County Court of Common Pleas is affirmed.

**{¶56}** Costs to Appellant.

By: Montgomery, J.

King, P.J. and

Gormley, J. concur.