[Cite as *Bertalan v. Bertalan*, 2026-Ohio-1773.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CHRISTINE M. BERTALAN,  :

    Plaintiff-Appellee,  :

                       No. 115533

    v.  :

GEORGE ANTHONY BERTALAN,  :

    Defendant-Appellant.  :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 14, 2026

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-21-384906

---

### *Appearances:*

Christine M. Tuneberg, a.k.a., Christine M. Bertalan, *pro se.*

George Anthony Bertalan, *pro se.*

SEAN C. GALLAGHER, J.:

{¶ 1} Defendant-appellant George A. Bertalan ("George") appeals from the trial court's order denying his motion to vacate the final divorce decree pursuant to Civ.R. 60(B). Upon review, we affirm the trial court's decision.

{¶ 2} Plaintiff-appellee Christine M. Bertalan ("Christine") filed a complaint for divorce from George on April 15, 2021.[1] During the pendency of the action, George filed two affidavits of disqualification and an amended affidavit of disqualification seeking to disqualify the trial court judge from presiding over the divorce case. Those affidavits were denied by the Supreme Court of Ohio on or about September 18, 2023, and November 22, 2023. Thereafter, the trial court issued a judgment entry of divorce on December 28, 2023, and the court issued a nunc pro tunc judgment entry of divorce on January 8, 2024. The trial court denied George's motion for a new trial on January 9, 2024.

{¶ 3} A direct appeal was filed, and on April 24, 2025, this court affirmed the trial court's judgment entry of divorce and the denial of the motion for new trial in *Bertalan v. Bertalan*, 2025-Ohio-1443 (8th Dist.). In that appeal, among other determinations, this court found no abuse of discretion or error in the trial court's denial of George's motions to continue the trial proceedings and no error by the trial court proceeding with the trial ex parte when George failed to appear on the final day of trial. *Id*. at ¶ 42-60. This court also found nothing in the record to suggest a due-process violation and recognized George's two affidavits of disqualification were both rejected by the Supreme Court of Ohio, which we are not permitted to second-guess. *Id*. at ¶ 64-65. Additionally, this court found no error regarding the property division in the divorce. *Id*. at ¶ 67-86.

---

[1] It appears from the appellate briefing that Christine M. Bertalan is now known as Christine M. Tuneberg.

{¶ 4} On August 8, 2025, George filed a motion to vacate the final divorce decree pursuant to Civ.R. 60(B). In that motion, George asserted "newly substantiated evidence of judicial misconduct and denial of due process" and referenced findings by the Ohio Board of Professional Conduct ("the Board") relating to the trial court judge, not related to this action, to suggest issues of judicial impartiality, due process, and fundamental fairness were involved in this case. George asserted grounds for relief under Civ.R. 60(B)(1) and (3), raising issues with the denial of his requests for a continuance of trial and with the conditions under which the parenting terms were executed. George also sought relief under Civ.R. 60(B)(5), generally asserting the Board's findings "undermine the integrity of the judgment," "corroborate [his] prior Affidavits of Disqualification," and "demonstrate a retaliatory motive" in the issuance of the trial court's judgment in his case. He further sought relief under the inherent authority of the court, referencing due process and fundamental fairness, and he made other assertions.

{¶ 5} On September 3, 2025, the trial court denied George's Civ.R. 60(B) motion. The trial court found the law-of-the-case doctrine is applicable, and the court also found the claims for relief pursuant to Civ.R. 60(B)(1) and (3), which were made more than a year after judgment was entered, were untimely. The trial court further determined that the alleged grounds for the claim for relief under Civ.R. 60(B)(5) were not relevant to the instant case, and the court also noted that the prior affidavits of disqualification filed by George were denied by the Supreme

Court of Ohio. Additionally, the trial court rejected other arguments and found that George's Civ.R. 60(B) motion "appears essentially as an attempt to relitigate the prior appeal of this matter."

{¶ 6} George filed an appeal from the trial court's ruling on his Civ.R. 60(B) motion. Under his three assignments of error, George argues that the trial court erred in denying his Civ.R. 60(B) motion because he claims (1) due process prohibits a judge from ruling on a motion challenging her own impartiality and conduct, (2) the failure to provide an independent review constitutes structural error, and (3) subsequent disciplinary findings of judicial misconduct rendered the underlying judgment constitutionally infirm.

{¶ 7} As an initial matter, we are mindful that George is a pro se litigant. Nevertheless, pro se litigants are "held to the same standard as litigants who are represented by counsel" and "the failure of an unrepresented party to properly present their case for review can lead to arguments not being reviewed at all." (Cleaned up.) *In re M.C.*, 2026-Ohio-1051, ¶ 20.

{¶ 8} Insofar as George claims the trial court judge should not have ruled on his Civ.R. 60(B) motion in light of the Board's findings, he failed to demonstrate that any recusal or disqualification was warranted in this case. George's challenges stem from findings of judicial misconduct that were not related to this action, but which George nevertheless seeks to impute herein. As this court determined in the prior appeal, the Supreme Court of Ohio rejected George's prior affidavits of disqualification in this case, and the record did not show any due-process violation

occurred. *Bertalan*, 2025-Ohio-1443, at ¶ 64-65 (8th Dist.). Further, this court observed that "[t]he record instead suggests the trial court, tasked with handling a demonstrably recalcitrant party, met that challenge with restraint." *Id*. at ¶ 64. George fails to show that the Board's findings, or any subsequent repercussions involving the trial court judge, have any relevance to his individual divorce case. We also find that the cases upon which George relies to support his argument are distinguishable. *See Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868, 884-887 (2009) (an "exceptional case" dealing with "extreme facts" where "the probability of actual bias [rose] to an unconstitutional level"); *Turney v. Ohio*, 273 U.S. 510 (1927) (a criminal case in which the mayor who tried the case had a direct, personal, and pecuniary interest in the decision). There are no extreme facts involved in his case, and George's assertions of judicial bias and impartiality in this matter did not rise to a constitutional level. *See Bertalan* at ¶ 63-64. Simply put, George fails to demonstrate that any due-process violation or structural error occurred. We overrule his first and second assignments of error.

{¶ 9} Additionally, we find no abuse of discretion by the trial court in denying the motion under Civ.R. 60(B). The trial court properly determined that the Civ.R. 60(B)(1) and (3) portions of George's motion were barred by the one-year time limit and that the issues raised were addressed in the prior appeal. Although a motion made under Civ.R. 60(B)(5) must be made within a reasonable time, as the trial court observed, it appears that George was merely using the Civ.R. 60(B) motion as an attempt to relitigate matters previously determined. To the

extent George is claiming newly discovered evidence supports his Civ.R. 60(B)(5) ground for relief, Civ.R. 60(B)(5) ordinarily cannot be used in this manner. *State ex rel. Richard v. Cuyahoga Cty. Commrs.*, 89 Ohio St.3d 205, 206 (2000), citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). Even if it were proper with regard to the assertion of judicial misconduct, Civ.R. 60(B)(5) "is only to be used in an extraordinary and unusual case when the interests of justice warrant[] it." *State ex rel. Hatfield v. Miller*, 2023-Ohio-429, ¶ 12, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 105 (8th Dist. 1974). This is not such a case. Upon our review, we find no abuse of discretion by the trial court. Accordingly, we overrule the third assignment of error.

{¶ 10} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

MICHELLE J. SHEEHAN, A.J., and
KATHLEEN ANN KEOUGH, J., CONCUR